UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS ROBINSON,

        Plaintiff,

v.                                              Case No. 3:19-cv-349-J-39JBT

S. OLIVER, et al.,

        Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Thomas Robinson, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) and a motion to proceed in forma pauperis (Doc. 3). Plaintiff names as Defendants three corrections officers at Columbia Correctional Institution, one of whom Plaintiff identifies as "John Doe." In his Complaint, Plaintiff asserts due process violations under the Fifth and Fourteenth Amendments for loss or destruction of his personal property and forging his signature on a property receipt.[1] He alleges no injuries. As relief, he seeks the return of his personal property, punitive damages, litigation costs, and attorney's fees.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether

---

[1] In grievances Plaintiff provides with his Complaint (Doc. 1-1), he states Defendants stole or destroyed religious items, speculating they did so because they do not agree with his religious views. In his Complaint, Plaintiff does not assert a free-exercise-of-religion claim under the First Amendment.

a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Ashcroft, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at

2

1175 (alteration in original). A negligent or intentional deprivation of personal property does not constitute a Fourteenth Amendment due process violation "if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff has an adequate post deprivation remedy available to him under state law; he can sue the officers for theft or conversion. See Fla. Stat. § 772.11(1). See also Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (recognizing Florida's civil cause of action for conversion provides an adequate post deprivation remedy when law enforcement officers seize or retain personal property). As such, Plaintiff's Fourteenth Amendment due process claim is subject to dismissal.

Plaintiff's Fifth Amendment claim is also subject to dismissal. The Fifth Amendment governs the conduct of federal actors, not state actors. See Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989) ("The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law."). Plaintiff sues state actors, not federal actors.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of July, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Thomas Robinson

4